This is not the official court record. Official records of court proceedings may only be obtained directly from the court maintaining a particular record.

## ALLSTATE VEHICLE & PROPERTY INSURANCE CO. v. LOWES COMPANIES, INC., NEW WIDETECH INDUSTRIES, CO., LTD.

| Case Number | 32D04-2007-CT-000122 |
| --- | --- |
| Court | Hendricks Superior Court 4 |
| Type | CT - Civil Tort |
| Filed | 07/17/2020 |
| Status | 07/17/2020 , Pending  (active) |

## Parties to the Case

**Defendant**   LOWES COMPANIES, INC., Also Known As LOWES HOME CENTERS, INC.

<u>Address</u>
c/o Registered Agent: Corporation Service Company
1000 Lowes Blvd
Mooresville, NC 28117

**Defendant**   NEW WIDETECH INDUSTRIES, CO., LTD.

<u>Address</u>
Section B, 34FL. No. 16-1, Xinzhan Rd
Banqiao Dist., New Taipei City 220
Taiwan (R.O.C.) Post code 22041

**Plaintiff**     ALLSTATE VEHICLE & PROPERTY INSURANCE CO.

<u>Attorney</u>
Brad Mitchell Gordon
*#2191345, Retained*

311 South Wacker Dr. Suite 4500
Chicago, IL 60606
312-551-0200(W)

## Chronological Case Summary

| 07/17/2020 | **Case Opened as a New Filing** |
| --- | --- |

| 07/20/2020 | **Appearance Filed** |
| --- | --- |

Plaintiff's Appearance for Attorney B. Gordon

| | For Party: | ALLSTATE VEHICLE & PROPERTY INSURANCE CO. |
| --- | --- | --- |
| | File Stamp: | 07/17/2020 |

| 07/20/2020 | **Complaint/Equivalent Pleading Filed** |
| --- | --- |

Plaintiff's Complaint & CCS Entry Form

| | Filed By: | ALLSTATE VEHICLE & PROPERTY INSURANCE CO. |
| --- | --- | --- |
| | File Stamp: | 07/17/2020 |

**EXHIBIT A**

| 07/20/2020 | **Subpoena/Summons Filed** |
| | Summons to Lowes |
| | Filed By: | ALLSTATE VEHICLE & PROPERTY INSURANCE CO. |
| | File Stamp: | 07/17/2020 |

| 07/20/2020 | **Subpoena/Summons Filed** |
| | Summons to New Widetech |
| | Filed By: | ALLSTATE VEHICLE & PROPERTY INSURANCE CO. |
| | File Stamp: | 07/17/2020 |

| 09/09/2020 | **Subpoena/Summons Filed** |
| | Alias Summons to Defendant Lowes |
| | Filed By: | ALLSTATE VEHICLE & PROPERTY INSURANCE CO. |
| | File Stamp: | 09/09/2020 |

| 09/29/2020 | **Service Returned Served** |
| | IREDELL COUNTY NORTH CAROLINA SHERIFF RETURN ON ALIAS SUMMONS - LEFT COPY W/ HEATHER MCCLOW, A PERSON WHO IS AUTHORIZED TO RECEIVE SERVICE FOR DEFENDANT |
| | Party Served: | LOWES HOME CENTERS, INC. |
| | Date Served: | 09/21/2020 |

## Financial Information

\* Financial Balances reflected are current representations of transactions processed by the Clerk's Office. Please note that any balance due does not reflect interest that has accrued – if applicable – since the last payment. For questions/concerns regarding balances shown, please contact the Clerk's Office.

### ALLSTATE VEHICLE & PROPERTY INSURANCE CO.

Plaintiff

**Balance Due** (as of 10/21/2020)

**0.00**

#### Charge Summary

| Description | Amount | Credit | Payment |
|---|---|---|---|
| Court Costs and Filing Fees | 157.00 | 0.00 | 157.00 |

#### Transaction Summary

| Date | Description | Amount |
|---|---|---|
| 07/20/2020 | Transaction Assessment | 157.00 |
| 07/20/2020 | Electronic Payment | (157.00) |

| This is not the official court record. Official records of court proceedings may only be obtained directly from the court maintaining a particular record. |
|---|

## IN THE SUPERIOR COURT OF HENDRICKS COUNTY
## DANVILLE, INDIANA

| | | |
|---|---|---|
| **ALLSTATE VEHICLE AND PROPERTY** | ) | |
| **INSURANCE CO.**, As subrogee of Tricia Veach | ) | |
| | ) | Case No.: |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | JURY DEMAND |
| | ) | |
| **LOWES COMPANIES, INC. a/k/a LOWES** | ) | |
| **HOME CENTERS, INC. and NEW WIDETECH** | ) | |
| **INDUSTRIES, CO., LTD.** | ) | |
| | ) | |
| Defendants. | ) | |

### APPEARANCE

The undersigned, as attorney enters an appearance on behalf of the Plaintiff ALLSTATE

VEHICLE AND PROPERTY INSURANCE CO.

Respectfully submitted,

ALLSTATE VEHICLE AND PROPERTY
INSURANCE CO., as subrogee of Tricia Veach


By: _____*/s/ Brad M. Gordon*_____

Brad M. Gordon
GROTEFELD, HOFFMANN, GORDON, OCHOA & EVINGER, LLP
311 South Wacker Drive
Suite 1500
Chicago, IL 60606
Telephone: (312) 551-0200
Facsimile: (312) 601-2402
bgordon@ghlaw-llp.com
21913-45

## IN THE SUPERIOR COURT OF HENDRICKS COUNTY
## DANVILLE, INDIANA

**ALLSTATE VEHICLE AND PROPERTY**   )
**INSURANCE CO.**, As subrogee of Tricia Veach  )
                                                   )    Case No.:
           Plaintiffs,          )
                                                   )
vs.                                      )    JURY DEMAND
                                                 )
**LOWES COMPANIES, INC. a/k/a LOWES**  )
**HOME CENTERS, INC. and NEW WIDETECH**)
**INDUSTRIES, CO., LTD.**               )
                                                 )
         Defendants.          )

## **COMPLAINT**

Plaintiff, ALLSTATE VEHICLE AND PROPERTY INSURANCE CO. (hereinafter

"Allstate"), as subrogee of Tricia Veach, by and through its attorneys, GROTEFELD,

HOFFMANN, GORDON, OCHOA & EVINGER, LLP, complains of Defendants, LOWES

COMPANIES, INC. a/k/a LOWES HOME CENTERS, INC. (hereinafter, "LOWES") and NEW

WIDETECH INDUSTRIES, CO., LTD. (hereinafter, "NEW WIDETECH") and for its

Complaint, states the following:

### **THE PARTIES**

1.     Tricia Veach (hereinafter "Veach") is domiciled in the State of Indiana and

resides at 8429 Seafield Drive, Brownsburg, Indiana.

2.     ALLSTATE is an Illinois corporation with its principal place of business in

Northbrook, Illinois.

3.     LOWES is a North Carolina corporation, which is incorporated in the State of

North Carolina, with its principal place of business located in the State of North Carolina, and is,

therefore, a citizen of the North Carolina and is duly authorized to conduct business within the State of Indiana.

4. NEW WIDETECH is a foreign entity with its principal place of business located at Section B, 34FL. No. 16-1, Xinzhan Rd., Banqiao Dist., New Taipei City 220, Taiwan (R.O.C.) Post code 22041.

5. NEW WIDETECH, as a Taiwanese corporation, most closely resembles the American business form of a corporation and is therefore a citizen of Taiwan.

6. At all times relevant, Defendant NEW WIDETECH was engaged in the business of designing, manufacturing, supplying, distributing, and selling consumer appliances, including dehumidifiers, throughout the United States including in the state of Indiana under the various brand names, including under the brand name " Idylis" and sold exclusively at LOWES.

7. At all times relevant, Defendant Lowes was engaged in the business of designing, manufacturing, supplying, distributing, and selling consumer appliances, including dehumidifiers, throughout the United States, including in the state of Indiana under the brand name "Idylis."

**FACTS**

8. At all relevant times, Veach owned a residence located at 8429 Seafield Drive, Brownsburg, Indiana (hereinafter, the "Veach Home"), which was insured by ALLSTATE for, among other things, damage caused by smoke and fire.

9. Prior to July 17, 2018, the Veachs purchased an Idylis brand dehumidifier (hereinafter, the "Dehumidifier") and placed it into service in the Veach Home.

10.     Upon information and belief, NEW WIDETECH designed, manufactured, supplied, distributed, and sold into the stream of commerce the Dehumidifier that was purchased and used in the Veach Home.

11.     Upon information and belief, LOWES designed, manufactured, supplied, distributed, and sold into the stream of commerce the Dehumidifier that was purchased and used in the Veach Home.

12.     At all relevant times, the Dehumidifier was used for the intended purpose of reducing humidity within the Veach Home and was used in a manner reasonably foreseeable to LOWES and NEW WIDETECH.

13.     Upon information and belief and prior to July 17, 2018, NEW WIDETECH and LOWES received claims alleging that the dehumidifiers they designed, manufactured, inspected, distributed, and sold to the public posed a risk of overheating, igniting fires, and causing a fire risk to consumers.

14.     Prior to July 17, 2018, the Veachs purchased the Dehumidifier.

15.     On July 17, 2018, the Dehumidifier ignited and burned in the Veach Home, and caused significant smoke and fire related property damage.

16.     A fire origin and cause investigation was conducted following the July 17, 2018 fire and confirmed the fire at the Veach Home originated from within the Dehumidifier.

17.     Pursuant to her insurance policy with ALLSTATE, Veach submitted a claim to ALLSTATE seeking payment and/or reimbursement for property damage that resulted from the aforementioned fire loss.

18.     ALLSTATE paid amounts in excess of $246,000, to or on behalf of Veach, in connection with the claim of loss submitted by Veach for property damage.

## COUNT I – STRICT PRODUCTS LIABILITY
## NEW WIDETECH

19.     ALLSTATE re-alleges and incorporates paragraphs 1 through 18 for this Count I

as if they were set forth and fully pled herein.

20.     The Dehumidifier was unreasonably dangerous at the time it left the possession

and control of NEW WIDETECH because:

      a.     the Dehumidifier was designed and manufactured in such a way as to
         cause a malfunction and ignite a fire;

      b.     the Dehumidifier failed to remove humidity in a safe manner as would be
         expected by the ordinary consumer;

      c.     the Dehumidifier lacked adequate safety features or safeguards to prevent
         the Dehumidifier from igniting a fire at the Veach Home;

      d.     NEW WIDETECH failed to properly inspect and test the Dehumidifier to
         ensure against a fire hazard;

      e.     NEW WIDETECH failed to properly inspect and test the Dehumidifier to
         ensure that it was safe and not unreasonably dangerous when used to
         reduce humidity in a residential setting;

      f.     the Dehumidifier was designed, manufactured, marketed, distributed and
         sold for the purpose of reducing humidity in a residential setting, though it
         had been manufactured and designed with materials, which were
         inadequate for such use and which presented a fire hazard;

      g.     the Dehumidifier was labeled, marketed, distributed, supplied, and sold for
         the purpose of reducing humidity in a residential setting, though the
         Dehumidifier was unsafe and unreasonably dangerous when used for this
         intended application;

      h.     the Dehumidifier was designed and manufactured without adequate
         warning to the intended users that the Dehumidifier posed a fire risk when
         used for the intended purpose of reducing humidity in a residential setting;

      i.     the Dehumidifier was designed and manufactured without any warning
         that the Dehumidifier posed a fire risk when used for the intended purpose
         of reducing humidity in a residential setting;

j.      the Dehumidifier was designed and manufactured in such a way as to cause overheating at the control panel within the product that posed a risk of fire when used for the intended purpose of reducing humidity in a residential setting; and/or

k.      the Dehumidifier was otherwise defective and unreasonably dangerous in its design, manufacture, assembly, distribution and sale.

21.     As a direct and proximate result of one or more of the aforementioned defective and unreasonably dangerous conditions, the Dehumidifier suddenly and calamitously ignited and burned in the Veach Home, causing significant smoke and fire related property damage to the Veach Home and other property located therein, in addition to causing additional related expenses.

22.     Moreover, NEW WIDETECH's conduct in continuing to manufacture and supply its Dehumidifiers, including to the Veachs, when it knew the Dehumidifier was unreasonably dangerous for reasons stated herein, was not only grossly negligent, it amounted to reckless, wanton, and knowing conduct, which endangered the life and property of the Veachs.

23.     Pursuant to the provisions of the policies of insurance issued to Veach by ALLSTATE, ALLSTATE paid to or on behalf of its Insured amounts in excess of $246,000 to repair or replace damaged or destroyed property and otherwise compensate Veach for losses sustained as the result of said fire damage.

24.     By virtue of said payments, terms of said policy of insurance, and by virtue of equity, ALLSTATE has become and is subrogated to all rights, remedies, and causes of action accruing to Veach and against the Defendant NEW WIDETECH.

WHEREFORE, Plaintiff, ALLSTATE VEHICLE AND PROPERTY INSURANCE CO., as a subrogee of Tricia Veach, respectfully requests that judgment be entered in its favor and

against Defendant, NEW WIDETECH, on this Count I, in an amount in excess of $246,000

together with costs, interest, and any other relief the Court deems equitable and just.

## COUNT II – STRICT PRODUCTS LIABILITY
## LOWES

25.     ALLSTATE re-alleges and incorporates paragraphs 1 through 18 for this Count II

as if they were set forth and fully pled herein.

26.     The Dehumidifier was unreasonably dangerous at the time it left the possession

and control of LOWES because:

    a.     the Dehumidifier was designed and manufactured in such a way as to
           cause a malfunction and ignite a fire;

    b.     the Dehumidifier failed to remove humidity in a safe manner as would be
           expected by the ordinary consumer;

    c.     the Dehumidifier lacked adequate safety features or safeguards to prevent
           the Dehumidifier from igniting a fire at the Veach Home;

    d.     LOWES failed to properly inspect and test the Dehumidifier to ensure
           against a fire hazard;

    e.     LOWES failed to properly inspect and test the Dehumidifier to ensure that
           it was safe and not unreasonably dangerous when used to reduce humidity
           in a residential setting;

    f.     the Dehumidifier was designed, manufactured, marketed, distributed, and
           sold for the purpose of reducing humidity in a residential setting, though it
           had been manufactured and designed with materials, which were
           inadequate for such use and which presented a fire hazard;

    g.     the Dehumidifier was labeled, marketed, distributed, supplied, and sold for
           the purpose of reducing humidity in a residential setting, though the
           Dehumidifier was unsafe and unreasonably dangerous when used for this
           intended application;

    h.     the Dehumidifier was designed and manufactured without adequate
           warning to the intended users that the Dehumidifier posed a fire risk when
           used for the intended purpose of reducing humidity in a residential setting;

     i.     the Dehumidifier was designed and manufactured without any warning that the Dehumidifier posed a fire risk when used for the intended purpose of reducing humidity in a residential setting;

     j.     the Dehumidifier was designed and manufactured in such a way as to cause overheating that posed a risk of fire when used for the intended purpose of reducing humidity in a residential setting; and/or

     k.     the Dehumidifier was otherwise defective and unreasonably dangerous in its design, manufacture, assembly, distribution, and sale.

27.     As a direct and proximate result of one or more of the aforementioned defective and unreasonably dangerous conditions, the Dehumidifier suddenly and calamitously ignited and burned in the Veach Home, causing significant smoke and fire related property damage to the Veach Home and other property located therein, in addition to causing additional related expenses.

28.     Moreover, LOWES's conduct in continuing to manufacture and supply its Dehumidifiers, including to Veach, when it knew the Dehumidifier was unreasonably dangerous for reasons stated herein, was not only grossly negligent, it amounted to reckless, wanton, and knowing conduct, which endangered the life and property of Veach.

29.     Pursuant to the provisions of the policies of insurance issued to Veach by ALLSTATE, ALLSTATE paid to or on behalf of its Insured amounts in excess of $246,000 to repair or replace damaged or destroyed property and otherwise compensate Veach for losses sustained as the result of said fire damage.

30.     By virtue of said payments, terms of said policy of insurance, and by virtue of equity, ALLSTATE has become and is subrogated to all rights, remedies, and causes of action accruing to Veach and against the Defendant LOWES.

WHEREFORE, Plaintiffs, ALLSTATE VEHICLE AND PROPERTY INS. CO., as a subrogee of Tricia Veach respectfully requests that judgment be entered in its favor and against

Defendant, LOWES, on this Count II, in an amount in excess of $246,000 together with costs,

interest and any other relief the Court deems equitable and just.

Respectfully submitted,

ALLSTATE VEHICLE AND PROPERTY INS. CO., as
subrogee of Tricia Veach,

By:   _/s/ Brad M. Gordon_____

Brad M. Gordon
GROTEFELD, HOFFMANN, GORDON, OCHOA & EVINGER, LLP
311 South Wacker Drive, Suite 1500
Chicago, IL 60606
Telephone: (312) 551-0200
Facsimile: (312) 601-2402
bgordon@ghlaw-llp.com
Indiana Bar No. 21913-45

**CCS ENTRY FORM**

### IN THE SUPERIOR COURT OF HENDRICKS COUNTY, INDIANA

CASE NUMBER:

CAPTION:   ALLSTATE VEHICLE & PROPERTY INSURANCE CO. as subrogee of Tricia Veach v. LOWES COMPANIES, INC. a/k/a LOWES HOME CENTERS, INC. and NEW WIDETECH INDUSTRIES, CO., LTD.

    Plaintiff's counsel files Complaint, Summonses and Appearance.

Submitted by:    _____*/s/ Brad M. Gordon*_____
    Brad M. Gordon
    Attorney I.D. 21913-45
    GROTEFELD, HOFFMANN, GORDON, OCHOA & EVINGER, LLP
    311 S. Wacker Dr., Suite 1500
    Chicago, IL 60606
    Telephone: 312.551.0200
    Facsimile: 312.601.2402
    Email: bgordon@ghlaw-llp.com

Party represented:   ALLSTATE VEHICLE & PROPERTY INSURANCE CO., as subrogee of Tricia Veach

Opposing Counsel:
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
(TO BE DESIGNATED BY THE COURT)

This CCS Entry Form shall be:

[ ]   Placed in case file
[ ]   Discarded after entry on the CCS
[ ]   Mailed to all counsel by: ____ Counsel ___Clerk ___Court
[ ]   There is no attached order; or
    The attached order shall be placed in the RJO: Yes [ ]    No [ ]

DATE_____    APPROVED_____
                                                              Judge

### <u>CERTIFICATE OF SERVICE</u>

    I certify that on July 17, 2020, service of a true and complete copy of the above and foregoing pleading or paper was made upon this Court via electronic filing.

    _____*/s/ Brad M. Gordon*_____
    Brad M. Gordon

Case 1:20-cv-02724-MJD-JRS   Document 1-7   Filed 07/21/20   Page 14 of 23 PageID #: 78

32D04-2007-CT-000122

Filed: 7/18/2020 7:42 PM
Clerk
Hendricks County, Indiana

Hendricks Superior Court 4

# SUMMONS

In the Superior Court of Hendricks County
1 Courthouse Square, #106, Danville, IN 46122
(317) 745-9231

Cause No.

ALLSTATE VEHICLE & PROPERTY INSURANCE CO., as subrogee of Tricia Veach,

                Plaintiff,

        --VS--

LOWES COMPANIES, INC. a/k/a LOWES HOME CENTERS, INC. and NEW WIDETECH
INDUSTRIES, CO., LTD.

             Defendants.

TO DEFENDANT:     **LOWES COMPANIES, INC. a/k/a LOWES HOME CENTERS, INC.**
                      c/o Registered Agent: Corporation Service Company
                      1605 Curtis Bridge Rd.
                      Wilkesboro, NC 28697

       You are hereby notified that you have been sued by the person named as plaintiff and in the Court indicated above.

       The nature of the suit against you is stated in the complaint which is attached to this Summons.  It also states the relief
sought or the demand made against you by the plaintiff.

       An answer or other appropriate response in writing to the complaint must be filed either by you or your attorney
within twenty (20) days, commencing the day after you receive this Summons, (or twenty-three (23) days if this Summons was
received by mail), or a judgment by default may be rendered against you for the relief demanded by plaintiff.

       If you have a claim for relief against the plaintiff arising from the same transaction or occurrence, you must assert it in
your written answer.

       If you need the name of an attorney, you may contact the Indianapolis Bar Association Lawyer Referral Service (269-2222), or the Marion County
Bar Association Lawyer Referral Service (634-3950).

Dated _7/20/2020_____          _Debbie Hoskins_____ (Seal)

                                Clerk, Hendricks Superior Court

## (The following manner of service of summons is hereby designated.)

_____     Registered or certified mail.

_____     Service at place of employment, to-wit:_____

_____     Service on individual -- (Personal or copy) at above address.

_____     Service on agent.  (Specify) _____

_____X_____     Other service.  (Specify)     **Sheriff's Service**

## SHERIFF'S RETURN ON SERVICE OF SUMMONS

I hereby certify that I have served this summons on the _____ day of _____, 2020:
(1) By delivering a copy of the Summons and a copy of the complaint to the defendant, _____.
(2) By leaving a copy of the Summons and a copy of the complaint at_____
which is the dwelling place or usual place of abode of _____
and by mailing a copy of said summons to said defendant at the above address.
(3) Other Service or Remarks: _____

_____          _____
Sheriff's Costs                                      Sheriff

                                                     By: _____
                                                          Deputy

## CLERK'S CERTIFICATE OF MAILING

I hereby certify that on the _____ day of _____, 2020, I mailed a copy of this Summons and a copy of the complaint to the defendant, _____, by _____mail, requesting a return receipt, at the address furnished by the plaintiff.

                                                     _____
                                                     Clerk, Hendricks Superior Court

Dated: _____, 2017.               By: _____
                                                          Deputy

## RETURN ON SERVICE OF SUMMONS BY MAIL

I hereby certify that the attached return receipt was received by me showing that the Summons and a copy of the complaint mailed to defendant _____ was accepted by the defendant on the _____ day of _____ 2020.

I hereby certify that the attached return receipt was received by me showing that the Summons and a copy of the complaint was returned not accepted on the _ day of _____, 2020.

I hereby certify that the attached return receipt was received by me showing that the Summons and a copy of the complaint mailed to defendant _____ was accepted by _____ on behalf of said defendant on the _____ day of _____, 2020.

                                                     _____
                                                     Clerk, Hendricks Superior Court

                                                     By: _____
                                                          Deputy

Cause No.
Room No.

ALLSTATE VEHICLE AND PROPERTY INSURANCE CO., as subrogee of Tricia Veach

Plaintiff,

vs.

LOWES COMPANIES, INC. a/k/a LOWES HOME CENTERS, INC. and NEW WIDETECH INDUSTRIES, CO., LTD.

Defendants.

# SUMMONS

SUPERIOR COURT ROOM NO.

SHERIFF'S COSTS

Brad M. Gordon
Grotefeld, Hoffmann, Gordon, Ochoa & Evinger, LLP
311 S. Wacker Dr., Suite 1500
Chicago, IL 60606

312-551-0200
Telephone

Case 1:20-cv-02724-MJD-JRS  Document 1-1  Filed 07/21/20  Page 16 of 23 PageID #: 720

32D04-2007-CT-000122

Filed: 7/20/2020 7:42 PM
Clerk
Hendricks County, Indiana

Hendricks Superior Court 4

# SUMMONS

In the Superior Court of Hendricks County
1 Courthouse Square, #106, Danville, IN 46122
(317) 745-9231

Cause No.

ALLSTATE VEHICLE & PROPERTY INSURANCE CO., as subrogee of Tricia Veach,

               Plaintiff,

      --VS--

LOWES COMPANIES, INC. a/k/a LOWES HOME CENTERS, INC. and NEW WIDETECH
INDUSTRIES, CO., LTD.

               Defendants.

TO DEFENDANT:    **NEW WIDETECH INDUSTRIES, CO., LTD.**
                          Section B, 34FL. No. 16-1, Xinzhan Rd., Banqiao Dist., New Taipei City 220,
                          Taiwan (R.O.C.) Post code 22041

        You are hereby notified that you have been sued by the person named as plaintiff and in the Court indicated above.

        The nature of the suit against you is stated in the complaint which is attached to this Summons.  It also states the relief sought or the demand made against you by the plaintiff.

        An answer or other appropriate response in writing to the complaint must be filed either by you or your attorney within twenty (20) days, commencing the day after you receive this Summons, (or twenty-three (23) days if this Summons was received by mail), or a judgment by default may be rendered against you for the relief demanded by plaintiff.

        If you have a claim for relief against the plaintiff arising from the same transaction or occurrence, you must assert it in your written answer.

        If you need the name of an attorney, you may contact the Indianapolis Bar Association Lawyer Referral Service (269-2222), or the Marion County Bar Association Lawyer Referral Service (634-3950).

Dated 7/20/2020 _____         _____*Debbie  Hoskins*_____ (Seal)
                                                  Clerk, Hendricks Superior Court

**(The following manner of service of summons is hereby designated.)**

    X          Registered or certified mail.

_____   Service at place of employment, to-wit:_____

_____   Service on individual -- (Personal or copy) at above address.

_____   Service on agent.  (Specify) _____

_____   Other service.  (Specify)

*CLERK OF THE CIRCUIT COURTS*
*HENDRICKS COUNTY*

## SHERIFF'S RETURN ON SERVICE OF SUMMONS

I hereby certify that I have served this summons on the _____ day of _____, 2020:

(1)  By delivering a copy of the Summons and a copy of the complaint to the defendant, _____.

(2)  By leaving a copy of the Summons and a copy of the complaint at_____

which is the dwelling place or usual place of abode of _____

and by mailing a copy of said summons to said defendant at the above address.

(3)  Other Service or Remarks: _____

_____          _____

Sheriff's Costs                                                                  Sheriff

                                                                                 By: _____
                                                                                        Deputy

## CLERK'S CERTIFICATE OF MAILING

I hereby certify that on the _____ day of _____, 2020, I mailed a copy of this Summons and a copy of the complaint to the defendant, _____, by _____mail, requesting a return receipt, at the address furnished by the plaintiff.

                                                                                 _____
                                                                                 Clerk, Hendricks Superior Court

Dated: _____, 2017.          By: _____
                                                                                        Deputy

## RETURN ON SERVICE OF SUMMONS BY MAIL

I hereby certify that the attached return receipt was received by me showing that the Summons and a copy of the complaint mailed to defendant _____ was accepted by the defendant on the _____ day  of _____ 2020.

I hereby certify that the attached return receipt was received by me showing that the Summons and a copy of the complaint was returned not accepted on the _ day of _____, 2020.

I hereby certify that the attached return receipt was received by me showing that the Summons and a copy of the complaint mailed to defendant _____ was accepted by _____ on behalf of said defendant on the _____ day of _____, 2020.

                                                                                 _____
                                                                                 Clerk, Hendricks Superior Court

                                                                                 By: _____
                                                                                        Deputy

Cause No.
Room No.

**ALLSTATE VEHICLE AND PROPERTY INSURANCE CO., as subrogee of Tricia Veach**

Plaintiff,

vs.

**LOWES COMPANIES, INC. a/k/a LOWES HOME CENTERS, INC. and NEW WIDETECH INDUSTRIES, CO., LTD.**

Defendants.

**S U M M O N S**

SUPERIOR COURT ROOM NO.

**SHERIFF'S COSTS**

**Brad M. Gordon**
Gotefeld, Hoffmann, Gordon, Ochoa & Evinger, LLP
311 S. Wacker Dr., Suite 1500
Chicago, IL 60606

312-551-0200
Telephone

# ALIAS SUMMONS

In the Superior Court of Hendricks County
1 Courthouse Square, #106, Danville, IN 46122
(317) 745-9231

## Cause No. 32D04-2007-CT-000122

ALLSTATE VEHICLE & PROPERTY INSURANCE CO., as subrogee of Tricia Veach,

        Plaintiff,

    --VS--

LOWES COMPANIES, INC. a/k/a LOWES HOME CENTERS, INC. and NEW WIDETECH
INDUSTRIES, CO., LTD.

        Defendants.

TO DEFENDANT:    **LOWES COMPANIES, INC. a/k/a LOWES HOME CENTERS, INC.**
c/o Registered Agent: Corporation Service Company
1000 Lowes Blvd.
Mooresville, NC 28117

    You are hereby notified that you have been sued by the person named as plaintiff and in the Court indicated above.

    The nature of the suit against you is stated in the complaint which is attached to this Summons.  It also states the relief sought or the demand made against you by the plaintiff.

    An answer or other appropriate response in writing to the complaint must be filed either by you or your attorney within twenty (20) days, commencing the day after you receive this Summons, (or twenty-three (23) days if this Summons was received by mail), or a judgment by default may be rendered against you for the relief demanded by plaintiff.

    If you have a claim for relief against the plaintiff arising from the same transaction or occurrence, you must assert it in your written answer.

    If you need the name of an attorney, you may contact the Indianapolis Bar Association Lawyer Referral Service (269-2222), or the Marion County Bar Association Lawyer Referral Service (634-3950).

Dated _____9/9/2020_____     _____*Debbie Hoskins*_____(Seal)
                                      Clerk, Hendricks Superior Court

## (The following manner of service of summons is hereby designated.)

_____     Registered or certified mail.

_____     Service at place of employment, to-wit:_____

_____     Service on individual -- (Personal or copy) at above address.

_____     Service on agent.  (Specify) _____

____X____     Other service.  (Specify)     **Sheriff's Service**

## SHERIFF'S RETURN ON SERVICE OF SUMMONS

I hereby certify that I have served this summons on the _____ day of _____, 2020:

(1) By delivering a copy of the Summons and a copy of the complaint to the defendant, _____.

(2) By leaving a copy of the Summons and a copy of the complaint at_____

which is the dwelling place or usual place of abode of _____

and by mailing a copy of said summons to said defendant at the above address.

(3) Other Service or Remarks: _____

_____

_____                    _____
Sheriff's Costs                                         Sheriff

                                                        By: _____
                                                            Deputy

## CLERK'S CERTIFICATE OF MAILING

I hereby certify that on the _____ day of _____, 2020, I mailed a copy of this Summons and a copy of the complaint to the defendant, _____, by _____mail, requesting a return receipt, at the address furnished by the plaintiff.

                                                        _____
                                                        Clerk, Hendricks Superior Court

Dated: _____, 2017.                   By: _____
                                                            Deputy

## RETURN ON SERVICE OF SUMMONS BY MAIL

I hereby certify that the attached return receipt was received by me showing that the Summons and a copy of the complaint mailed to defendant _____ was accepted by the defendant on the _____ day of _____ 2020.

I hereby certify that the attached return receipt was received by me showing that the Summons and a copy of the complaint was returned not accepted on the _ day of _____, 2020.

I hereby certify that the attached return receipt was received by me showing that the Summons and a copy of the complaint mailed to defendant _____ was accepted by _____ on behalf of said defendant on the _____ day of _____, 2020.

                                                        _____
                                                        Clerk, Hendricks Superior Court

                                                        By: _____
                                                            Deputy

Cause No.
Room No.

ALLSTATE VEHICLE AND
PROPERTY INSURANCE CO., as
subrogee of Tricia Veach

Plaintiff,

vs.

LOWES COMPANIES, INC. a/k/a
LOWES HOME CENTERS, INC. and
NEW WIDETECH INDUSTRIES, CO.,
LTD.

Defendants.

ALIAS SUMMONS
SUPERIOR COURT ROOM NO.

SHERIFF'S COSTS

Brad M. Gordon
Grotefeld, Hoffmann, Gordon, Ochoa & Evinger, LLP
311 S. Wacker Dr., Suite 1500
Chicago, IL 60606

312-551-0200
Telephone

20-062UU

392

Filed: 9/9/2020 1:48 PM
Clerk
Hendricks County, Indiana

# ALIAS SUMMONS

In the Superior Court of Hendricks County
1 Courthouse Square, #106, Danville, IN 46122
(317) 745-9231

Cause No. 32D04-2007-CT-000122

ALLSTATE VEHICLE & PROPERTY INSURANCE CO., as subrogee of Tricia Veach,

Plaintiff,

--VS--

LOWES COMPANIES, INC. a/k/a LOWES HOME CENTERS, INC. and NEW WIDETECH
INDUSTRIES, CO., LTD.

Defendants.

TO DEFENDANT:     **LOWES COMPANIES, INC. a/k/a LOWES HOME CENTERS, INC.**
c/o Registered Agent: Corporation Service Company
1000 Lowes Blvd.
Mooresville, NC 28117

You are hereby notified that you have been sued by the person named as plaintiff and in the Court indicated above.

The nature of the suit against you is stated in the complaint which is attached to this Summons.  It also states the relief sought or the demand made against you by the plaintiff.

An answer or other appropriate response in writing to the complaint must be filed either by you or your attorney within twenty (20) days, commencing the day after you receive this Summons, (or twenty-three (23) days if this Summons was received by mail), or a judgment by default may be rendered against you for the relief demanded by plaintiff.

If you have a claim for relief against the plaintiff arising from the same transaction or occurrence, you must assert it in your written answer.

If you need the name of an attorney, you may contact the Indianapolis Bar Association Lawyer Referral Service (269-2222), or the Marion County Bar Association Lawyer Referral Service (634-3950).

Dated_____9/9/2020_____          _____Debbie Hoskins_____(Seal)
                                       Clerk, Hendricks Superior Court

**(The following manner of service of summons is hereby designated.)**

_____     Registered or certified mail.

_____     Service at place of employment, to-wit:_____

_____     Service on individual -- (Personal or copy) at above address.

_____     Service on agent.  (Specify) _____

____X_____     Other service.  (Specify)      **Sheriff's Service**

## SHERIFF'S RETURN ON SERVICE OF SUMMONS

I hereby certify that I have served this summons on the _21_ day of _September_, 2020:
(1) By delivering a copy of the Summons and a copy of the complaint to the defendant, _____.
(2) By leaving a copy of the Summons and a copy of the complaint at_____
which is the dwelling place or usual place of abode of _____
and by mailing a copy of said summons to said defendant at the above address.
(3) Other Service or Remarks: _____

_____          _____ Darren E Campbell _____
Sheriff's Costs                            Sheriff

                                           By: ___ Deputy _____
                                                Deputy

## CLERK'S CERTIFICATE OF MAILING

I hereby certify that on the _____ day of _____, 2020, I mailed a copy of this Summons and a copy of the complaint to the defendant, _____, by _____mail, requesting a return receipt, at the address furnished by the plaintiff.

                                           _____
                                           Clerk, Hendricks Superior Court

Dated: _____, 2017.    By: _____
                                                Deputy

## RETURN ON SERVICE OF SUMMONS BY MAIL

I hereby certify that the attached return receipt was received by me showing that the Summons and a copy of the complaint mailed to defendant _____ was accepted by the defendant on the _____ day of _____ 2020.

I hereby certify that the attached return receipt was received by me showing that the Summons and a copy of the complaint was returned not accepted on the _ day of _____, 2020.

I hereby certify that the attached return receipt was received by me showing that the Summons and a copy of the complaint mailed to defendant _____ was accepted by _____ on behalf of said defendant on the ____ day of _____, 2020.

                                           _____
                                           Clerk, Hendricks Superior Court

                                           By: _____
                                                Deputy

---

Cause No.
Room No.

ALLSTATE VEHICLE AND PROPERTY INSURANCE CO., as subrogee of Tricia Veach

Plaintiff,

vs.

LOWES COMPANIES, INC. a/k/a LOWES HOME CENTERS, INC. and NEW WIDETECH INDUSTRIES, CO., LTD.

Defendants.

ALIAS SUMMONS
SUPERIOR COURT ROOM NO.

SHERIFF'S COSTS

Brad M. Gordon
Groetzel, Hoffmann, Gordon, Ochoa & Evinger, LLP
311 S. Wacker Dr., Suite 1500
Chicago, IL 60606

312-551-0200
Telephone

AFFIDAVIT OF SERVICE

STATE OF NORTH CAROLINA          FILE #  32 D04 - 2007 - CT - 000122
COUNTY OF IREDELL                CASE #  20 - 062 C4

Allstate Vehicle x Property Insurance        Lowes Companies Co
_____          _____
PLAINTIFF                                    DEFENDANT

DATE    9-21-2020                    TIME   10:12 am

DEFENDANT:    Lowes Companies, Inc

AT THE FOLLOWING ADDRESS:    1000 Lowes Blvd, MVA

____ COMPLAINT                  ____ NOTICE OF HEARING
____ MOTION                     ____ ORDER
____ NOTICE                     ____ PETITION
____ NOTICE OF FORECLOSURE      ✓ CIVIL SUMMONS
____ OTHER    _____

____ TO THE ABOVE NAMED DEFENDANT PERSONALLY

____ BY LEAVING A COPY WITH _____ A PERSON OF
     SUITABLE AGE AND DISCRETION, RESIDING AT THE DEFENANT'S USUAL ADDRESS.

✗ TO   Heather McClow        A PERSON WHO IS AUTHORIZED TO RECEIVE
     SERVICE FOR THE DEFENDANT.

____ AS THE DEFENDANT IS A CORPORATION SERVICE IS MADE BY SERVING
     _____ THE REGISTERED AGENT OF THE CORPORATION.

____ OTHER MANNER OF SERVICE: _____
     _____

____ RETURNED UNSERVED FOR THE FOLLOWING REASON:        DATE RETURNED
     _____                 UNSERVED:
     _____
     _____         _____

                                        DARREN E. CAMPBELL
                                        SHERIFF OF IREDELL COUNTY
                                        NORTH CAROLINA

STATE OF NORTH CAROLINA
COUNTY OF IREDELL                       _____
                                              DEPUTY MAKING RETURN
SWORN TO BEFORE ME
THIS THE 21 DAY OF Sept, 20 20          _____
                                              PRINTED NAME OF DEPUTY
_____
NOTARY PUBLIC
MY COMMISSION EXPIRES
     11-8-23

[Notary seal: REBECCA S. CLARK, NOTARY PUBLIC, IREDELL COUNTY, NC, My Commission Expires 11-08-23]

